# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-0858V
UNPUBLISHED

| | |
|---|---|
| MICHAELENE WIDSON,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: December 21, 2020<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Tetanus Diphtheria acellular Pertussis (Tdap) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Linda Sara Renzi*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On June 11, 2019, Michaelene Widson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a Tetanus-Diphtheria-acellular Pertussis ("Tdap") vaccine administered on May 15, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 28, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On December 18, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $75,000.00. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $75,000.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                            **s/Brian H. Corcoran**
                                            Brian H. Corcoran
                                            Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MICHAELENE WIDSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 19-858V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.   Compensation for Vaccine Injury-Related Items**

On October 26, 2020, respondent filed a Rule 4 (c) Report conceding entitlement in this case. On October 28, 2020, the Court issued a Ruling on Entitlement finding that petitioner was entitled to vaccine compensation for her Shoulder Injury Related to Vaccine Administration ("SIRVA"). Respondent proffers that based on the evidence of record, petitioner should be awarded $75,000.00. This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a)(1); 15(a)(3)(A); and 15(a)(4).  Petitioner agrees.

**II.  Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

A lump sum payment of $75,000.00, in the form of a check payable to petitioner, Michaelene Widson. This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

JEFFERY BOSSERT CLARK
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

/s/ Linda S. Renzi
LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 616-4133

Dated: December 18, 2020